The next case for oral argument this morning is 24-1583, Casten v. O'Malley. Good morning, Mr. Farr. Good morning. Are we ready? Whenever you're ready. Sorry, thank you. Your opponent, the counsel for appellee, Ms. Cusack, is here remotely. That's right. So I don't know if you can see her on the screen up there. Okay, there we go. May it please the court. This case is fundamentally about whether there was substantial evidence to support the ALJ's decision, and specifically whether the ALJ had substantial evidence under 20 CFR 404-1520C when considering the supportability and consistency of medical source opinions. Now, when addressing and examining and treating physician's opinion based on the same functional capacity exam, the judge said that the physical therapist's opinion could be supported by the evidence, but then later decides it's not for reasons unclear. Likewise, the judge said that the record was inconsistent with the exam report because the rest of the record supposedly had consistently normal findings. Now, that's factually untrue, as I've outlined, unless the word consistently has some other meaning I'm unaware of. If there are multiple findings that are abnormal, specifically addressing issues with gait and problems with strength and pain and other findings like this, then clearly the record is not consistently normal. So on one count, the judge actually seems to have ruled in favor of support but then rejected that. And then on another count, seems to have inaccurately arrived at a consistency conclusion that is unsupported by the record. Now, the position I'm in is a little delicate because, of course, I can't ask you to reweigh the evidence. So I'm not asking that you decide whether this opinion should actually have been found persuasive or not. Rather, I think the lodestar here is whether the decision makes sense, whether this court has to speculate to arrive at the reasoning that the judge might have had in mind to reach her conclusions. And here, I think you'd have to speculate, which the opposing counsel and the district court have done to provide reasoning to justify the judge's decision, but fundamentally what she wrote does not clarify what she intended. And I think this issue is further exacerbated by the fact the judge did rely upon non-examining state agency consultants who had access to less of the record, did not perform their own exams, and therefore it's not clear why they would be more consistent or better supported by the record. I think especially egregious on this point is that the judge thought that their opinions were fine, but undermined the treating doctor's opinion because it was on a pre-printed form. But on Dr. Gentry's opinion, he is the treating physician here. The ALJ found that he had only relied on the physical therapist's evaluation, which she found problematic, but also the fact that that reliance was inconsistent with his own treatment notes, which didn't mention any gait abnormalities, motor strength deficits, or range of motion deficits. So it wasn't just this form. It was the inconsistency or absence of any of these problems identified in Dr. Gentry's notes. I agree with that and actually think that the court is right at the court. by his own treatment notes. And that's why she discounted it. Dr. Gentry's opinion. Correct. But that doesn't explain why she would discount the physical therapist's opinion or why Dr. Gentry was unreasonable in relying upon the physical therapist's evaluation. That would be the support. Well, she just explained that the physical therapist really relied on Kasten's own subjective comments and reports of pain that, again, were not consistent with other things in the record. I actually am unaware of when she said that, what she is alluding to that was inconsistent with the record. I believe that Kasten's subjective complaints were to the physical therapist. We could talk about what she said in function reports or in the hearing, but that's not what she talked to the physical therapist about. The physical therapist can only comment upon what Kasten is telling her and what she's observing in the exam. And as a physical therapist whose whole point is doing functional capacity evaluations and working with people to improve their functioning, I think that she would be in a pretty good place to gauge just how much reliance one could place upon somebody's subjective report. Because it's not as though she's just listening to this person and writing this up as a layperson. She's trained in a background in functional physical therapy, and then she's evaluating this person. And I don't think that Kasten's reports to the physical therapist are undermined by the underlying objective evidence from that report. So didn't the ALJ also note that the physical therapy appointment was just one data point and that it lacked what the ALJ called kind of the longitudinal outlook, whereas the state experts, they had their whole medical record before them, or at least up to the point when they issued their report. And wasn't that another reason why the ALJ weighed or discounted not only the physical therapist's report, but also Dr. Gentry's conclusions based upon that report? Yes, and in isolation, that makes sense. But that's just one factor amongst many, and the two most important factors that have to be addressed in every case are supportability and consistency. For supportability and consistency arguments, her reasons are objectively wrong. Again, she said, this report actually seems like it could be supported, but it's not supported. And then, oh, but all the other findings are consistently normal, but that's untrue. So if the two core factors she's supposed to weigh are incorrectly decided, I don't know how we can say that the decision as a whole is reasonable, even if some lower factors that she mentioned are maybe she's correct on those points. There were, however, there was evidence in the record of various visits that were had with regard to various physicians and other people that didn't note the particular complaints that were raised at the physical therapy appointment. Isn't that the case? Yes, and I actually don't think that this means that the judge would on remand have to adopt the opinion, but she has to explain herself reasonably. And I don't think that some normal findings mean that she never has those issues that are objectively documented on other exams. After all, a lot of pain conditions fluctuate. Right, but why isn't that just reweighing the ALJ's assessment of the evidence? If the ALJ weighed certain reports to be more, found them to be more probative than others, isn't that what the ALJ is entitled to do? If that's what she did, but she didn't. She instead said that the record was consistently normal. That's not true. I don't know how we get around that point. If she had said, well, there are abnormal and normal findings, but I believe that the normal findings are more persuasive, I wouldn't have an argument here because I would disagree with it, but a reasonable person could disagree with that and agree with the judge. I don't think a reasonable person could say if your reasoning for rejecting an opinion is that the record is consistently normal, and then there's evidence, multiple exams showing actually there are abnormal findings repeatedly. It doesn't make a lot of sense to make that conclusion. So I think it would be reweighing evidence if I asked this court to say you have to actually reverse an order of finding a disability because this opinion should be adopted because it's so persuasive. Maybe on remand the judge will again say this opinion is unpersuasive, but she can actually explain why she's reaching that conclusion in a logical fashion. I hope she wouldn't do that, but I can see she could do that. But right now it's just the decision doesn't make sense, as she's written. On those two factors, she always has a way of supportability and consistency. Are there any other questions? Into your rebuttal time, if you want to save the rest. Yes, I will. Okay, thank you. Ms. Cusick. Your Honors, may it please the court. My name is Jane Cusick, and I represent the appellee, the Commissioner of the Social Security Administration. At issue is whether the ALJ reasonably evaluated the medical opinions of physical therapist Ms. Baylor and family physician Dr. Gentry, as well as the prior administrative medical findings of Drs. Mdala and Habari. As an initial matter, an ALJ's decision, even their opinion analysis, should not be read in a vacuum as Kasten appears to be arguing, nor does the law require the level of reticulation that she's really insisting upon. For example, she gives us a list of exam findings and medical evidence that she believes supported Ms. Baylor's opinion, Dr. Gentry's opinion, and she says she's not asking the court to reweigh it, but she does expect the ALJ to have gone through and explained how she considered each piece of that evidence within each opinion analysis. But that's not the standard. It's well established that ALJs do not need to discuss all of the evidence at all, let alone again and again within each opinion evaluation. Cases like Cornell simply, well, cases like Cornell make that clear. So even with regards to the opinion analysis, the court should look at the ALJ's decision as a whole. So turning to the two primary opinions at issue, Ms. Baylor and Dr. Gentry, they both based their opinion on the one-time functional capacity exam of Ms. Baylor of Kasten in January 2021, which is sort of the middle of the period we're looking at. But the ALJ properly rejected both. With regards to Ms. Baylor's opinion, the ALJ gave at least two reasons for finding it not supported. One, she seemed to be basing some of her findings on Kasten's self-reports rather than on what she actually observed. And two, Ms. Baylor only saw Kasten one time, so she didn't have this longitudinal understanding of how she was functioning over time. And the opinion was not consistent with the rest of the record. Specifically, her exam was an outlier. And contrary to what Kasten is arguing, the ALJ here was not taking the position that all exam findings of record were normal. Rather, she was specifically comparing the significant weakness in the arms and legs that Ms. Baylor found on exam with multiple other examiners who found normal strength in the arms and legs. And she provides us with these examinations that she's looking at. Among those citations is two exams also in January 2021, just the same month that Ms. Baylor evaluated her by Dr. Rashid, who was the rheumatologist. He found normal strength in the arms and legs in January 2021. No weakness at either appointment. So this kind of a disparity alone is enough for a reasonable mind to think Ms. Baylor's exam was not a reliable basis for disabling opinions, especially disabling opinions that are meant to cover a long period of her functioning. Turning to Dr. Gentry's opinion, again, ALJ gave at least two reasons. Well, let me back up regarding Ms. Baylor's opinion. I do want to make the point that when ALJ says certain exams are consistently normal, that is not her saying that exams are entirely normal. Throughout her decision, she recognized the existence of abnormal exam findings. She was not ignoring them. She was just making the observation that the exams of record were not consistent with Ms. Baylor's. Again, it was an outlier. So, again, turning to Dr. Gentry's opinion, she again gave at least two reasons for finding it not supported. One, in terms of objective evidence, he only cited Ms. Baylor's opinion. And two, his own findings were normal. So what he says in his treatment notes, there is a stark difference between what he says in his treatment notes and what he says in his opinion. And that difference alone is substantial evidence supporting the ALJ's rejection of that opinion. She goes on to explain how it's also inconsistent, again pointing out how some of his specific opinions was inconsistent with other examiners who found normal gait, normal strength, et cetera. And that's substantial evidence. And lastly, the prior administrative medical findings, the ALJ, Drs. Havala and Dr. Medalla, they reviewed the record in 2020. They found Kasten to perform a range of light work. The ALJ adopted those restrictions and found additional restrictions based on other evidence, as she is permitted to do. Kasten's argument here that the ALJ could not have relied on the prior administrative medical findings at all, simply because they didn't review the entire record, that's a new argument. And that's the case with every single case, that they don't consider the entire record. But here the ALJ explained how she considered the evidence, and Kasten has not demonstrated that her evaluation of the medical evidence was unreasonable. She is, in fact, asking the court to reweigh the evidence. So for these reasons, and those stated in the commissioner's brief, the commissioner asked that the court affirm the district court's decision. And if the court doesn't have any questions, the commissioner rests. Thank you, Ms. Cousette. Mr. Farr? Thank you. I think I just have a single point to make, which would be that the response is, well, the judge can discuss these issues in other parts of the decision, and we have to read it holistically. But in none of the opinion analysis does the judge ever discuss any of the contrary evidence. There might be facts elsewhere in the decision that can say that the judge's decision writer found something somewhere, but the judge doesn't wrangle with this contrary evidence and explain how she can still conclude and write that exam findings are consistently normal. That just doesn't make sense. And that's really all I have by way of closing. Thank you, Mr. Farr. The court will take the case under advisement.